order of one Nylin, who, before maturity and for value, transferred same to the plaintiff. The defendant Rohrs answered as follows: "Defendant denies upon information and belief that the plaintiff is the holder of said note for value, but avers that defendant Nylin is still the owner thereof." "For a further defense, this defendant alleges that said note was given to said Nylin for accommodation only, and defendant never received any consideration for the same." The plaintiff and defendant immediately noticed the cause for trial, and the cause was put on the calendar for trial. The plaintiff thereafter demurred to the second defense, on the ground that it was insufficient in law. The demurrer was brought on for argument, and the counsel for appellants made a preliminary objection to the hearing of the demurrer, on the ground that the plaintiff, having already served his notice of trial, was precluded from demurring to the answer, it being too late. The preliminary objection was overruled, and the demurrer sustained, and an interloctury judgment directed, which was afterwards entered. The appellants now appeal from the order sustaining the demurrer, and directing judgment, as well as from the judgment entered.

Section 494, Code Civil Proc., is as follows: "The plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the face thereof." An answer and a demurrer are distinct pleadings under the Code, having different offices and different characteristics, one forming an issue of law and the other an issue of fact. *Kelly* v. *Downing*, 42 N. Y. 77. The Code fixes the time in which an answer must be served, but there is no provision limiting the time for the service of a demurrer.

This brings us to the question regarding the effects of a notice of trial. The object of the notice of trial is to give notice of an issue to be tried, and of the readiness of the party serving same for trial. Such notice, however, is subject to be defeated and rendered unavailing by the service of an amended pleading or a change in the pleading. See *Townsend* v. *Hillmann*, (City Ct. N. Y.) 9 N. Y. Supp. 629, and cases cited. Unless an amended pleading is served before the time to do so expires, the notice of trial will stand. There being no fixed time when the demurrer should be served, the same was not affected by the service of the notice of trial. The preliminary objection was properly overruled.

It is clear that the defense demurred to was intended as a separate and distinct defense. It is not necessary to use the words "separate and distinct." Any other word or words may be used which will show the intent of the pleader, and, to my mind, it is clearly shown here. It is too late now for the defendant, when caught, to attempt to claim his intent was other than appears from the pleadings. The demurrer was properly sustained, and an interlocutory judgment therein directed. The judgment was properly entered, and the order and judgment should be affirmed, with costs. All concur.

---

## HAAS et al. v. MATHESON.

*(City Court of New York, General Term.   October 24, 1892.)*

SUPPLEMENTARY PROCEEDINGS—CONTEMPT—CONDITIONAL ORDER.

    An order in supplementary proceedings declaring the judgment debtor guilty of contempt in disposing of certain money, but allowing him to produce for examination a certain witness to prove that the money was not his, and that if he fails to so produce the witness an order to punish him for contempt will be granted, is not a declaration of his contempt on suspicion, but is within the sound discretion of the court.

Appeal from special term.

Action by Samuel H. Haas and Isidore Freid against Edwin Matheson. From an order in supplementary proceedings adjudging him guilty of contempt, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.
*Brunnemer & Bennett,* for appellant.   *Herman Fromme,* for respondents.

McCARTHY, J.   This is an appeal from an order in supplementary proceedings adjudging the judgment debtor guilty of contempt.   The appellant contends that the order is conditional upon the production of one Butler for examination, and that the court cannot declare in advance, on mere suspicion, the judgment debtor to be guilty of contempt.   I have read the order complained of carefully, and cannot agree with the appellant in his construction of the same.   On the contrary, the judge, in rendering his decision, declares, in effect, that from the facts presented the judgment debtor has disposed of the $200 as testified to by him since the service of the order, and that those moneys so disposed of were his personal property, and therefore he is guilty of contempt.   And although he was already convinced of the foregoing, yet (and I presume on the suggestion of the attorney for the judgment debtor) he says: "However, for the purpose of allowing him to show the latter statement is the true one, [meaning that the property was not his,] I will permit him to produce for examination Mr. Butler."   If he fails to do so, the order made to punish him for contempt will be granted.   It was an additional opportunity granted to the judgment debtor by the court to change, if he could, its opinion.   The order was within the sound discretion of the court, and was properly granted, and should be affirmed, with costs.   All concur.

---

### PETERS *v.* STUART.

*(City Court of New York, General Term.   October 24, 1892.)*

1. CLAIMS AGAINST DECEDENTS—LIMITATION OF ACTIONS.
   Code Civil Proc. § 1822, providing that an action to recover a rejected or disputed debt against a decedent's estate must be begun within six months after the dispute or rejection, being of a penal character, should be construed strictly, and the limitation does not begin to run against a claimant, at whose house notice was left during her known absence, until she gets the notice on her return.
2. PAYMENT—PLEADING.
   Where defendant pleads payment, and part payment is proved, the *onus* is on him to show any further payments.
3. EVIDENCE—VALUE OF SERVICES.
   On a claim against a decedent's estate for attendance during illness and services connected with the burial, testimony as to the value of similar services is admissible.

Appeal from trial term.
Action by Catharine A. Peters against Sidney H. Stuart, as administrator of Sarah A. Peck.   Verdict and judgment for plaintiff.   Defendant appeals. Affirmed.
Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.
*Theo. N. Melville,* for appellant.   *Seaman Miller,* for respondent.

McCARTHY, J.   This is an appeal from a judgment entered upon a verdict of a jury in favor of the plaintiff.   The plaintiff was a dressmaker, and with the money that she received at that occupation supported her household, consisting of herself, her husband, sister, and nephew; and, in addition, she had some boarders.   Her husband occasionally gave her some money, but she was the head of the household, supplied its running expenses with her own earnings, which she obtained from the practice of her trade and from her boarders, which she alone received, furnished the entire table and flat, and paid the rent thereof; and no other person received any other emoluments from either source.   In the latter part of June, 1887, Mrs. Sarah A. Peck, (a woman of considerable means,) asked the plaintiff to take her to board, and she and the plaintiff agreed upon the price that she was to pay, viz., $6 a